# EXHIBIT "H"

Case 1:24-cv-02583-MHC   Document 2   Filed 06/13/24   Page 2 of 12

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04399-S1**
**3/15/2024 3:14 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JENNIFER ARMISTEAD,<br><br>Plaintiff,<br><br>v.<br><br>DAVIN R. TERRELL and<br>TWG MANAGEMENT, LLC,<br><br>Defendants. | Civil Action File No.: 23-C-04399-S1 |

## DEFENDANT TWG MANAGEMENT, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant TWG Management, LLC and timely files this, its Answer and Defenses to Plaintiff's Amended Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

TWG Management, LLC hereby asserts the defense of insufficiency of process (lack of Summons).

### SECOND DEFENSE

Plaintiff's recovery against TWG Management, LLC is barred because it owed no duty to Plaintiff as alleged in Plaintiff's Complaint for Damages or otherwise.

### THIRD DEFENSE

TWG Management, LLC is not liable to Plaintiff because it breached no duty to Plaintiff regarding the occurrence giving rise to Plaintiff's Amended Complaint for Damages or otherwise.

## FOURTH DEFENSE

No act or omission on the part of TWG Management, LLC was the proximate cause of the injuries or damages sought by way of Plaintiff's Amended Complaint for Damages and therefore Plaintiff's recovery of those injuries and damages is barred.

## FIFTH DEFENSE

To the extent the damages sought by way of Plaintiff's Amended Complaint for Damages were the result of Plaintiff's comparative or contributory negligence, Plaintiff's recovery against TWG Management, LLC is barred or should be reduced by the proportion of her negligence.

## SIXTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the Georgia doctrine of assumption of risk.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover from TWG Management, LLC because Plaintiff's knowledge of the alleged hazard was at least equal to any knowledge of TWG Management, LLC.

Without waiving any of the foregoing defenses and incorporating each as if set forth herein verbatim, Defendant TWG Management, LLC responds to the individually numbered allegations contained in Plaintiff's Amended Complaint for Damages as follows:

## RESPONSE TO "PARTIES AND JURISDICTION"

1. – 2.

This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 and 2 of Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

3. (and 42.)

This Defendant denies that it is a corporation (it is a limited liability company) but admits the remaining allegations contained in Paragraphs 3 (and 42) of Plaintiff's Amended Complaint for Damages.

4.

This Defendant admits that it is subject to the jurisdiction and venue of this Court; however, this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint for Damages insofar as they pertain to Defendant Terrell and, therefore, cannot admit or deny same.

## RESPONSE TO "FACTS"

5.

This Defendant incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 4 of Plaintiff's Amended Complaint for Damages as if fully set forth herein.

6.

This Defendant denies, as pleaded, the allegations contained in Paragraph 6 of

Plaintiff's Amended Complaint for Damages. Responding further, this Defendant admits it operated and managed Silver Oak Apartments on January 31, 2022.

7.

This Defendant denies, as pleaded, the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint for Damages. Responding further, this Defendant admits that Defendant Terrell was a former resident of Silver Oak Apartments but expressly denies he was still a resident on January 31, 2022.

8.

This Defendant denies, as pleaded, the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint for Damages. Responding further, this Defendant admits that Defendant Terrell was a former employee of this Defendant but he was terminated prior to January 31, 2022.

9.

This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

10.

This Defendant admits that Rex Zaragoza is a former employee of this Defendant; however, this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

11. – 12.

This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11 and 12 of Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

13.

This Defendant denies, as pleaded, the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint for Damages.

14.

To the extent Paragraph 14 Plaintiff's Amended Complaint for Damages implies that Defendant Terrell was a resident of Silver Oak Apartments on January 31, 2022, that allegation is expressly denied.  This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

15. – 17.

This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 15 through 17 of Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

**RESPONSE TO "COUNT I: ANIMAL LIABILITY/NEGLIGENCE"**

18.

This Defendant incorporates by reference its responses to the allegations of the

foregoing Paragraphs 1 through 17 of Plaintiff's Amended Complaint for Damages as if fully set forth herein.

19. – 25.

This Defendant denies Paragraphs 19 through 25 of Plaintiff's Amended Complaint for Damages insofar as the allegations contained therein pertain to this Defendant; however, this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 19 through 25 of Plaintiff's Amended Complaint for Damages insofar as they pertain to Defendant Terrell and, therefore, cannot admit or deny same.

### RESPONSE TO "COUNT II-AGGRAVATED NEGLIGENCE/PUNITIVE DAMAGES"

26.

This Defendant incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 25 of Plaintiff's Amended Complaint for Damages as if fully set forth herein.

27. – 29.

This Defendant denies Paragraphs 27 through 29 of Plaintiff's Amended Complaint for Damages insofar as the allegations contained therein pertain to this Defendant; however, this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 27 through 29 of Plaintiff's Amended Complaint for Damages insofar as they pertain to Defendant Terrell and, therefore, cannot admit or deny same.

## RESPONSE TO "COUNT III-NEGLIGENCE HIRING, TRAINING & SUPERVISION (DEFENDANT TWG)"

30.

This Defendant incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 29 of Plaintiff's Amended Complaint for Damages as if fully set forth herein.

31. – 34.

This Defendant denies the allegations contained in Paragraphs 31 through 34 of Plaintiff's Amended Complaint for Damages.

35.

This Defendant denies, as pleaded, the allegations contained Paragraph 35 of Plaintiff's Amended Complaint for Damages. Responding further, any duties owed by this Defendant to Plaintiff (if any) are set forth by Georgia law.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint for Damages.

36. [sic]

This Defendant denies the allegations contained in [the second] Paragraph 36 of Plaintiff's Amended Complaint for Damages.

## RESPONSE TO "COUNT IV-COMPENSARY DAMAGES (ALL DEFENDANTS)"

37.

This Defendant incorporates by reference its responses to the allegations of the

- 7 -

foregoing Paragraphs 1 through 36 of Plaintiff's Amended Complaint for Damages as if fully set forth herein.

38.

This Defendant denies Paragraph 38 of Plaintiff's Amended Complaint for Damages insofar as the allegations contained therein pertain to this Defendant; however, this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of Plaintiff's Amended Complaint for Damages insofar as they pertain to Defendant Terrell and, therefore, cannot admit or deny same.

39.

This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint for Damages and, therefore, cannot admit or deny same.

40.

This Defendant denies Paragraph 40 of Plaintiff's Amended Complaint for Damages insofar as the allegations contained therein pertain to this Defendant; however, this Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of Plaintiff's Amended Complaint for Damages insofar as they pertain to Defendant Terrell and, therefore, cannot admit or deny same.

41.

This Defendant incorporates by reference its responses to the allegations of the

foregoing Paragraphs 1 through 40 of Plaintiff's Amended Complaint for Damages as if fully set forth herein.

Any allegations contained in Plaintiff's Amended Complaint for Damages not herein responded to by number, including Plaintiff's *ad damnum* and all subparts, are hereby denied.

**DEFENDANT TWG DEVELOPMENT, LLC DEMANDS A TRIAL BY TWELVE-MEMBER JURY.**

This 15th day of March, 2024.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*
_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant*
*TWG Management, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com

- 9 -

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JENNIFER ARMISTEAD,<br><br>               Plaintiff,<br><br>v.<br><br>DAVIN R. TERRELL and<br>TWG MANAGEMENT, LLC,<br><br>               Defendants. | Civil Action File No.: 23-C-04399-S1 |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Defendant TWG Management, LLC's Answer and Defenses to Plaintiff's Amended Complaint for Damages*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

Joseph A. Zdrilich, Esq.
ZDRILICH INJURY LAW, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com

This 15th day of March, 2024.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

***/s/ Erica L. Morton***
_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant*
*TWG Management, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP

1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com

4879-9087-5815, v. 1

- 11 -