**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER ARMISTEAD, <br><br> Plaintiff, <br><br> v. <br><br> TWG MANAGEMENT, LLC, <br><br> Defendant. | Civil Action File No.: <br> 1:24-cv-02583-MHC |

### DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED AND THEORIES DENYING RECOVERY

COMES NOW, Defendant TWG Management, LLC. ("Defendant"), and, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby files Defendant's Statement of Material Facts to Which There Is No Genuine Issue To Be Tried and Theories Denying Recovery, showing this Honorable Court the following:

### Statement of Material Facts to Which There Is No Genuine Issue To Be Tried

1.

On the evening of January 31, 2022, Plaintiff was at home at her apartment at Mirador at Idlewood ("Mirador"). (Plaintiff Jennifer Armistead's Deposition, P. 20, ll. 1 (hereinafter "Plaintiff's Depo."))

2.

Mirador is an apartment complex directly across the street from Silver Oaks. (Plaintiff's Depo., P. 23, ll. 14-21).

3.

That evening, Plaintiff had been drinking alcohol and smoking marijuana. (Plaintiff's Depo., P. 37, ll. 1-5; Deposition of Savannah Williamson (hereinafter "Williamson Depo."), P. 38, ll. 5-10, 16-18).

4.

At around 8:00 P.M., Plaintiff decided to walk from Mirador to an apartment located at Silver Oaks. (Plaintiff's Depo. P. 26, ll. 20-22).

5.

Plaintiff was walking over to visit Davin Terrell, who she knew who she knew because he worked and lived at Mirador. (Plaintiff's Depo., P. 22, ll. 24-25, P. 23, ll. 1-5).

6.

Plaintiff was going to see Terrell's newborn baby. (Plaintiff's Depo., P. 22, ll. 14-19).

7.

She does not know whether Terrell rented any apartment at Silver Oaks at the

time of her incident. (Plaintiff's Depo., P. 29, ll. 3-14).

8.

Defendant is the property manager of Silver Oaks. (Deposition of Kendrel Bretz, attached hereto as Defendant's Exhibit "C" (hereinafter "Bretz Depo."), P. 8, ll. 6-8).

9.

Terrell was not a tenant at Silver Oaks on January 31, 2022. (Bretz Depo., P. 20, ll. 4-8).

10.

In fact, Terrell was a former tenant and maintenance technician at Silver Oaks; however, his employment and his lease were both terminated in June 2020. (Bretz Depo, P. 19, ll 18-20).

11.

Plaintiff had been to the Silver Oaks apartment in question at least once before. (Plaintiff's Depo., P. 25, ll. 2-4).

12.

On the night of January 31, she entered the apartment and sat in the living room with Terrell, his girlfriend and the baby. (Plaintiff's Depo., P. 33, ll. 11-19).

13.

Plaintiff knew that Terrell owned a dog and had seen the dog with him while at Mirador. (Plaintiff's Depo., P. 28, ll. 12-15).

14.

At some point, Terrell opened the door to a fenced-in patio and let the dog into the living room. (Plaintiff's Depo., P. 34, ll. 5-10).

16.

Plaintiff then reached down to pet the dog. (Plaintiff's Depo., P. 22, ll. 16-18; Williamson Depo., P. 38, ll. 2-4).

17.

The dog bit Plaintiff in the face. (Plaintiff's Depo., P. 38, ll. 3-4).

18.

Plaintiff does not remember the immediate aftermath, but at some point she called her daughter, Savannah Williamson, to come get her. (Plaintiff's Depo., P. 38, ll. 5-7; Williamson Depo. P. 25, ll. 8-18).

19.

Plaintiff's daughter then drove her mother to the emergency room. (Williamson, Depo, P. 34, ll. 8-10).

20.

An incident report was also prepared by then-Property Manager, Theresa Crooks, on March 10, 2022, when Defendant was first notified about Plaintiff's incident. (*See* Incident Report, "Exhibit D" to Defendant's Brief in Support of Summary Judgment).

21.

In the incident report, the dog was identified as a "big white dog." Id.

22.

Plaintiff, however, described the attacking dog as a "brownish reddish" during her deposition. *See* Plaintiff's Depo. P. 31, ll. 2-5.

23.

Plaintiff described the dog to her daughter as a "Malinois or like a big dog, black dog, or dark-colored dog" and "dark brown." *See* Williamson Depo., P. 44, ll. 18-23.

## Theories Denying Recovery

1.

Plaintiff's claims under O.C.G.A. § 51-2-7 fail as they are inapplicable to Defendant.

2.

Defendant, as an out-of-possession landlord, may only be held liable to third-parties for defective construction or failure to keep the premises in repair.

3.

Plaintiff, as a non-tenant, is a third party.

4.

There is no evidence whatsoever that Davin Terrell was a tenant at Defendant's complex.

5.

Defendant did not have had superior knowledge, or any knowledge at all, of the existence of a dog on the premises or its aggressive tendencies.

6.

Plaintiff had equal to superior knowledge of Defendant of Terrell's dog and its tendencies, whether good, bad, or otherwise.

7.

As such, Defendant is not liable under O.C.G.A. § 51-2-7.

8.

As an out-of-possession landlord, Defendant may not be held liable through negligence per se through the DeKalb County Ordinances.

9.

Davin Terrell was not an employee of Defendant on the date of the incident, nor were the injuries sustained by Plaintiff related to Terrell's employment, therefore, Plaintiff's claims for negligent hiring, training, and supervision of Terrell fail as a matter of law.

10.

Because Plaintiff has no viable claim against Defendant, Plaintiff's claims for punitive damages fail as a matter of law.

This 12th day of December, 2024.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS

*/s/ Erica L. Morton*

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Austin L. Albertson, Esq.
Georgia Bar No.: 768516
*Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com
austin.albertson@swiftcurrie.com
nikki.swain@swiftcurrie.com
penny.wofford@swiftcurrie.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER ARMISTEAD,<br><br>Plaintiff,<br><br>v.<br><br>TWG MANAGEMENT, LLC,<br><br>Defendant. | Civil Action File No.:<br>1:24-cv-02583-MHC |

## CERTIFICATE OF SERVICE

I certify that I have electronically filed this ***Defendant's Statement of Material Facts to Which There Is No Genuine Issue To Be Tried and Theories Denying Recovery*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Joseph A. Zdrilich, Esq.
ZDRILICH INJURY LAW, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com

This 12th day of December, 2024.

*(signatures on the following page)*

8

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS

*/s/ Erica L. Morton*

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Austin L. Albertson, Esq.
Georgia Bar No.: 768516
*Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com
austin.albertson@swiftcurrie.com
nikki.swain@swiftcurrie.com
penny.wofford@swiftcurrie.com