## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JENNIFER ARMISTEAD,** | § | **CIVIL ACTION FILE NO.:** |
| | § | |
| **Plaintiff,** | § | **1:24-cv-02583-MHC** |
| | § | |
| **v.** | § | |
| | § | |
| **TWG MANAGEMENT, LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMNET

COMES NOW **JENNIFER ARMISTEAD**, Plaintiff in the above-styled civil action, by and through undersigned counsel of record, and files this *Brief in Opposition to Plaintiff's Motion for Summary Judgment*, showing the Court as follows:

## INTRODUCTION

Defendant TWG Management, LLC (hereinafter "Defendant" or "TWG") has moved this Court for an order granting summary judgment in its favor as to all causes of action of Plaintiff's *Complaint for Damages* (hereinafter "Plaintiff's *Complaint*") and in support has submitted *Defendant's Memorandum of Law in Support of Motion*

*for Summary Judgment* (hereinafter "Defendant's *Brief*"). For the reasons stated herein, Defendant's desire for summary judgment on the totality of Plaintiff's *Complaint* is incompatible with both long-standing Georgia law governing the relationship between third persons and out-of-possession landlords and the Federal Rules of Civil Procedure. Genuine issues of material fact remain unresolved, requiring this Court to deny *Defendant's Motion for Summary Judgment* (hereinafter Defendant's *Motion*") and set this case for a trial by jury.

## STATEMENT OF FACTS

Plaintiff incorporates by reference the factual statements contained within *Plaintiff's Statement of Additional Material Facts That Present Genuine Issues for Trial* (hereinafter "Plaintiff's *SAMF* "). Plaintiff further incorporates by reference the specific factual statements contained with *Defendant's Statement of Material Facts to Which There Is No Genuine Issue To Be Tried and Theories Denying Recovery* (hereinafter "Defendant's *SUMF* ") to which Plaintiff responded in *Plaintiff's Responses to Defendant's SUMF* that the facts as alleged by Defendant TWG are admitted.

In brief, the undipsuted record of evidence supports that on January 31, 2022, Plaintiff visited an apartment unit located at the Silver Oaks apartment community

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **2** of 14

operated by Defendant TWG. Def.'s *SUMF* ¶ 8, 12–14. While inside the apartment, Plaintiff was attacked by a large Akita dog (hereinafter the "subject dog"), which bit her face. Def.'s *SUMF* ¶ 17. The subject dog belonged to Davin Terrell, a former tenant and employee of Defendant TWG. Def.'s *SUMF* ¶ 9–10. Despite having vacated his unit at Silver Oaks, Terrell appeared to be regualrly present within the Silver Oaks community as evidenced by the repeated incidents involving his dog.

While Defendant TWG denies having received notice regarding the unauthorized presence of Terrell's dogs on the premises, Def.'s *Brief, passim*, the record suggests that at least four (4) separate reports were made to Defendant concerning the subject dog being allowed to roam freely within Silver Oaks, where it had attacked persons and pets. Pl.'s *SAMF* ¶ 1. Because Plaintiff has presented at least some evidence that suggests that Defendant TWG has prior knowledge of the subject dog's presence and aggressive tendencies, a genuine issue of material fact remains for determination at trial, preculding summary judgment in favor of Defendant.

## LEGAL STANDARD

The standard for considering a Motion for Summary Judgment is well stated by Judge Thrash in <u>In re: Dippin' Dots Patent Litigation</u>:

<u>Armistead v. TWG Management, LLC</u>
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **3** of **14**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is material if it "might affect the outcome of the suit under the governing law." Id.

The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. at 257 (1986).

249 F.Supp.2d 1346, 1356–57 (N.D. Ga. 2003).

## ARGUMENT

### I.    DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT TO BE DETERMINED BY A JURY.

#### a.    As a Threshold Issue, Georgia Law Establishes a Legal Duty Between Plaintiff and Defendant.

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **4** of 14

Defendant's *Brief* has accurately conveyed the law to the extent that O.C.G.A. § 51-2-7 is inapplicable to the instant case, as TWG cannot fit within the narrow classification of that law as an owner or keeper of the subject dog. Lemontree Props., LLC v. Samples, 357 Ga. App. 410, 412 (2020). As the Georgia Court of Appeals has explained in Lemontree, "an out-of-possession landlord['s] only liability to third persons is that of O.C.G.A. § 44-7-14." Id. at 414. In reaching this conclusion, the Court found that similarly situated negligence per se claims arising out of violations of local ordinances likewise fail, as they impermissibly expand the scope of liability set by statute. Id. Plaintiff accordingly concedes that her avenue recovery exists only through plain application of O.C.G.A. § 44-7-14.

Defendant appears to suggest that Plaintiff has waived her right to pursue claims under a premise liability theory of recovery, such as the cause of action codified by O.C.G.A. § 44-7-14, by not specifically invoking this terminology or the statute in her *Complaint*. Doc. 18-2 at 7–8. While Plaintiff's *Complaint* did cite to O.C.G.A. § 51-2-7 and certain local ordinances in support of her claims, a requirement for Plaintiff to invoke the specific statutory provisions on which her claims are based would be inconsistent with the preference for a "a short and plain statement of the

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **5** of **14**

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). <u>See also</u>

("[A] basic objective of the rules is to avoid civil cases turning on technicalities.").

The absence of a direct reference to O.C.G.A. § 44-7-14 within Plaintiff's *Complaint*

does not bar Plaintiff's claims arising out of the statute, and the Rules "do not

countenance dismissal of a complaint for imperfect statement of the legal theory

supporting the claim asserted." <u>Johnson v. City of Shelby, Miss.</u>, 574 U.S. 10, 11

(2014).

At a minimum, Plaintiff's *Complaint* alleges the negligence of Defendant

TWG, Doc. 1-1 at 6, and that such negligence was the sole and proximate cause of

Plaintiff's injuries, Doc. 1-1 at ¶ 25. Plaintiff's choice to invoke certain statutory

provisions that may impose liability on Defendant TWG does not foreclose on her

ability to pursue avenues for recovery beyond those statutes, but which otherwise

fall into the broad spectrum of negligence claims for dog bites under Georgia law

for which Defendant TWG is on notice. Put differently, if Plaintiff had invoked no

statutes at all in her *Complaint*, her claim under O.C.G.A. § 44-7-14 would survive

because the remaining allegations within the *Complaint* meet the requirement of

Federal Rule of Civil Procedure 8(a)(2). "The failure in a complaint to cite a statute,

or to cite the correct one, in no way affects the merits of a claim. Factual allegations

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **6** of **14**

alone are what matters." Albert v. Carovano, 851 F.2d 561, 571 n.3 (2nd Cir. 1988) (citing Newman v. Silver, 713 F.2d 14, 15 n. 1 (2nd Cir. 1983)). Regardless, with Defendant correctly noting that "an out-of-possession landlord['s] only liability to third persons is that of O.C.G.A. § 44-7-14," Lemontree, 357 Ga. App. at 414, it follows that Plaintiff's negligence claims within her *Complaint* necessarily invoke the statute as a basis for liability.

Plaintiff and Defendant appear to be in agreement that O.C.G.A. § 44-7-14 governs Plaintiff's claims set forth by her *Complaint*, but the parties diverge from there. Defendant contends that an "out-of-possession landlord is not liable for injuries caused by a tenant's dog because the landlord's liability under O.C.G.A. § 44-7-14 is limited to injuries caused by a defective condition on the property." Doc. 18-2 at 10. In support, Defendant cites to Younger v. Dunagan, 318 Ga. App. 554 (2012) and Griffiths v. Rowe Props., 271 Ga. App. 344 (2005). Doc. 18-2 at 8–9. But in its more recent decision in Lemontree, which Defendant also cites in support of the proposition that O.C.G.A. § 44-7-14 sets forth the only viable claim for recovery for Plaintiff, Doc. 18-2 at 15–16, the Georgia Court of Appeals evaluated the liability of a landlord for a dog bite within its out-of-possession property under the same statute. Lemontree, 357 Ga. App. at 413. The Court looked to the same

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **7** of **14**

crucial factor that would ordinarily underlie a claim under O.C.G.A. § 51-2-7: "the landlord['s] [] knowledge of the dogs' tendencies or propensities to do harm." Id. (quoting Tyner v. Matta-Troncoso, 305 Ga. 480, 487 (2019)). Accordingly, claims for recovery by a third person from a landlord for a dog bite within its out-of-possession property can be sustained under O.C.G.A. § 44-7-14. Id.

### b. *A Genuine Issue of Material Fact Exists as to Defendant's Knowledge of the Subject Dog's Aggressive Tendencies.*

Here, the record shows that Defendant TWG then-employee, Rex Zaragoza, had witnessed the subject dog "running free" on several occasions in the Silver Oaks community, where it exhibited "intimidating" and "aggressive" behaviors with other dogs and people. Dep. of Kendrel Bretz at Ex. 3. Zaragoza insists that he informed upper management regarding the issue the subject dog roaming the complex unleashed and causing harm to persons and property, but management failed to take necessary action to ensure the safety of those on the premises. Dep. of Kendrel Bretz at Ex. 3. Specifically, Zaragoza states that animal control was contacted by upper management on several occasions, but each time authorities arrived, the subject dog could not be located. Dep. of Kendrel Bretz at Ex. 3. Zaragoza also noted that he knew of at least one tenant in the community, an elderly gentlemen who's name he

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **8** of 14

was unable to recall, made similar complaints to management regarding the subject dog. Dep. of Kendrel Bretz at Ex. 3.

Additional investigation revealed a second tenant, Alexia Duru, also had run-ins with the subject dog and reported to Defendant TWG that the subject dog had attacked her own dog. Dep. of Kendrel Bretz at Ex. 2. Despite this knowledge, Defendant TWG continued to allow the subject dog to remain on the premises and failed to adequately investigate and remedy a known dangerous condition. Upon deposition that it had received none of the reports detailed by Zaragoza, the elderly gentleman, and Duru, nor did it have any records for the calls to animal control noted by Zaragoza. Dep. of Kendrel Bretz 38:18–25, 28:4–15, 30:10–17.

In contrast to <u>Lemontree</u>, where plaintiff presented "no evidence" that defendant had any knowledge of the dog's tendencies or propensity to do harm, 357 Ga. App at 413, here, the record of evidence suggests that Defendant TWG's had knowledge of the subject dog's threatening behaviors via actual notice. Dep. of Kendrel Bretz at Ex. 2–3. Defendant TWG disputing this contention does not grant it an escape from a jury determination of this factual issue. <u>See</u> <u>Steagald v. Eason,</u> 300 Ga. 717 (2017). Plaintiff has presented evidence that contradicts Defendant TWG's assertion that it lacked knowledge of the subject dog's tendencies, Dep. of

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **9** of **14**

Kendrel Bretz at Ex. 2–3, and with this material fact in dispute, summary judgment is precluded. See Edmonson v. Velvet Lifestyles, LLC, 43 F.4th 1153, 1159 (11th Cir. 2022). "Summary judgment is a lethal weapon, and courts must be mindful of its aims and targets and beware of overkill in its use." Id. (quoting Brunswick Corp. v. Vineberg, 370 F.2d 605, 612 (5th Cir. 1967)); see also Raith v. Blanchard, 271 Ga. App. 723, 725 (2005) ("[T]he disputed evidence presents a jury question as to the [defendant's] superior knowledge of [dog's] temperament.").

### c. A Genuine Issue of Material Fact Exists as to the Aggravating Circumstances of Defendant TWG's Conduct.

A genuine issue of material fact exists concerning the aggravating circumstances of Defendant TWG's conduct leading up to the subject incident forming the basis of Plaintiff's *Complaint*. In support of its *Motion*, Defendant TWG incorrectly suggests that "[t]here is no evidence whatsoever" that could support the imposition of punitive damages. Doc. 18-2 at 18. To the contrary, the evidence demonstrates several acts and omissions by Defendant TWG from which a jury may conclude rise to the required level of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Critically, and

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **10** of **14**

perhaps dispositively for Defendant's Motion for Summary Judgment as to punitive damages, that determination is to be made by a jury. See McDonald v. Silver Hill Homes, LLC, 343 Ga. App. 194, 196 (2017) (quoting Weller v. Blake, 315 Ga. App. 214, 219–20 (2012)) ("Whether [a] tort [is] sufficiently aggravating to authorize punitive damages is generally a jury question.").

Defendant is correct in contending that a court may order summary judgment as to punitive damages, but this avenue exists only where there is "no evidence whatsoever" that could support such a finding, and not where the non-moving party has presented evidence contradicting the moving party's vesion of events. A court's ability to order summary judgment as to punitive damages ends as soon as a plaintiff presents clear and convincing evidence from which a reasonable jury could infer that a defendant acted with conscious indifference to the consequences of their acts. See Tookes v. Murray, 297 Ga. App. 765, 768–69 (2009); Atlantic Star Foods, LLC v. Burwell, 368 Ga. App. 79 (2023).

As discussed in Section I.b, *supra*, Defendant TWG is alleged to have been informed on at least three (3) occasions regarding the existence of the subject dog and its "aggressive" and "intimidating" nature. These complaints also advised that the subject dog was still permitted to roam freely within the Silver Oaks community.

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **11** of **14**

Section I.b, *supra*. By permitting a known danger on the premises, in the face of reports that said danger was actively causing harm to tenants and their pets, at least some evidence exists by which a jury could conclude that Defendant TWG's omissions suggest a conscious indifference to the consequences of their acts. Accordingly, the issue of punitive damages is not ripe for summary judgment and the Court should deny Defendant's *Motion* with respect to Plaintiff's claim for punitive damages.

## II.     PLAINTIFF CONCEDES THAT DISMISSED DEFENDANT, DAVIN R. TERRELL, WAS NOT AN EMPLOYEE OF DEFENDANT AT THE TIME OF THE SUBJECT INCIDENT.

Evidence exchanged by the parties in discovery shows that now-dismissed Defendant Davin R. Terrell was not an employee of Defendant TWG Management, LLC at the time of the subject incident forming the basis of Plaintiff's *Complaint for Damages*. Accordingly, Plaintiff concedes that Count III of her *Complaint*, alleging the negligence of Defendant TWG in hiring, training, and supervising Mr. Terrell, fails as a matter of law. Plaintiff does not object to summary judgment in favor of Defendant TWG as to Count III only.

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **12** of **14**

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order **GRANTING** in part and **DENYING** in part Defendant's *Motion for Summary Judgment*, **SETTING** this action for trial during the Court's next available civil jury trial calendar, and **DIRECTING** the parties to submit their pre-trial orders.

Respectfully submitted this 2nd day of January, 2025.

ZDRILICH INJURY LAW, LLC

3575 Koger Boulevard, Suite 125
Duluth, Georgia 30096
Phone: (404) 888-1111
Fax: (770) 931-9610
Email: joe@zinjurylaw.com

JOSEPH A. ZDRILICH
Georgia Bar No.: 569248
Attorney for Plaintiff

Armistead v. TWG Management, LLC
United States District Court for the Northern District of Georgia, Atlanta Division
*Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*
Page **13** of **14**

## 1CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I have this day filed a copy of the foregoing ***Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*** with the clerk of court via the PACER ECF e-filing system, which will automatically serve counsel of record as follows:

**Erica L. Morton, Esq.**
**Austin L. Albertson, Esq**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
**1420 Peachtree Street, NE, Suite 800**
**Atlanta, Georgia 30309-3231**
**erica.morton@swiftcurrie.com**
**austin.albertson@swiftcurrie.com**
***Attorneys for Defendant TWG Management, LLC***

I further certify that the foregoing ***Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment*** is in compliance with Local Rule 5.1(B) governing font and point selections.

Dated the 2nd day of January, 2025.

ZDRILICH INJURY LAW, LLC

3575 Koger Boulevard, Suite 125          JOSEPH A. ZDRILICH
Duluth, Georgia 30096                    Georgia Bar No.: 569248
Phone: (404) 888-1111                    Attorney for Plaintiff
Fax: (770) 931-9610
Email: joe@zinjurylaw.com