IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER ARMISTEAD,<br><br>Plaintiff,<br><br>v.<br><br>TWG MANAGEMENT, LLC,<br><br>Defendant. | Civil Action File No.:<br>1:24-cv-02583-MHC |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF ADDITIONAL MATERIAL FACTS THAT PRESENT
GENUINE ISSUES FOR TRIAL**

COMES NOW Defendant, TWG Management, LLC ("Defendant"), and, pursuant to Local Rule 56(B)(3) submits this its Response to Plaintiff's Statement of Additional Facts, showing this Honorable Court as follows:

As a general matter, Defendant objects to Plaintiff's Statement of Additional Material Facts That Present Genuine Issues For Trial on the basis that the filing does not comply with Local Rule 56.1(B)(2)(b), as the filing does not "meet the requirements set out in Local Rule 56.1(B)(1)." Specifically, the Local Rules require "[e]ach material fact must be numbered separately and supported by a citation to evidence proving such fact." Instead, Plaintiff filed one "paragraph," with various purported facts with citations throughout following a stated issue. According to the

Local Rules, the Court "will not consider any fact" that is "stated as an issue or legal conclusion." As such, Defendant requests the Court not consider Plaintiff's Statement of Additional Facts in consideration of Defendant's Motion for Summary Judgment. To reserve Defendant's right to objection and to attempt to respond in good faith, Defendant will number each subsequent claim or fact and respond. Subject to and without waiving stated objections, Defendant responds as follows:

1.

The extent of Defendant TWG's prior knowledge concerning the subject dog is in dispute For reasons stated in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, this is a genuine issue of material fact for determination by a jury rather than at the summary judgment stage.

**RESPONSE:**

Defendant objects to this statement to the extent it does not comply with Local Rule 56(B)(2)(b) in that it fails to comply with Local Rule 56(B)(1) as it is not supported by a citation to any evidence. Defendant further objects to the extent that No. 1 is not a statement but rather a legal conclusion. Defendant denies statement gives rise to a material question of fact (or that it is even a statement of fact).

2.

Defendant TWG's corporate representative testified that Defendant was

completely unaware of the subject dog's unauthorized presence on the premises. Dep. of Kendrel Bretz, 28:11-19.

**RESPONSE:**

Defendant responds that the Court can properly consider this evidence for purposes Defendant's Motion for Summary Judgment.

3.

Rex Zaragoza, a former employee of Defendant, told an investigator that while employed by Defendant he had seen the "intimidating" subject dog running around the Silver Oaks and reported the same to upper management. Dep. of Kendrel Bretz at Ex. 3.

**RESPONSE:**

Defendant objects to the consideration of this statement to the extent it does not comply with Local Rule 56(B)(2)(b) in that it fails to comply with Local Rule 56(B)(1), as it is not numbered separately. Defendant further objects that the document cited is impermissible hearsay and is not admissible evidence, as the statement is not sworn or signed under penalty, is not verified, and does not fall under any exception to hearsay. Defendant denies that the statement gives rise to a material question of fact, as it is only alleged that the dog was "intimidating," which is not relevant to any legal analysis in the present case.

4.

He also stated management called animal control on multiple occasions in an effort to address the issue, but animal control was unable to find the subject dog each time. Dep. of Kendrel Bretz at Ex. 3.

**RESPONSE:**

Defendant objects to the consideration of this statement to the extent it does not comply with Local Rule 56(B)(2)(b) in that it fails to comply with Local Rule 56(B)(1), as it is not numbered separately. Defendant further objects that the document cited is impermissible hearsay and is not admissible evidence, as the statement is not sworn or signed under penalty, is not verified, and does not fall under any exception to hearsay. Defendant denies that the statement gives rise to a material question of fact, as it only vaguely references "the issue," which is not clear as to the meaning beyond the before-referenced "intimidating" characterization of the subject dog. This vague characterization is not relevant to any legal analysis in the present case.

5.

Zaragoza was aware of at least one resident, an elderly gentlemen, reporting the issue to Defendant. Dep. of Kendrel Bretz at Ex. 3.

**RESPONSE:**

Defendant objects to the consideration of this statement to the extent it does not comply with Local Rule 56(B)(2)(b) in that it fails to comply with Local Rule 56(B)(1), as it is not numbered separately. Defendant further objects that the document cited is impermissible hearsay and is not admissible evidence, as the statement is not sworn or signed under penalty, is not verified, and does not fall under any exception to hearsay. Defendant denies that the statement gives rise to a material question of fact, as it only vaguely references "the issue," which is not clear as to the meaning beyond the before-referenced "intimidating" characterization of the subject dog. This vague characterization is not relevant to any legal analysis in the present case.

6.

Another resident, Alexia Duru, had witnessed two attacks by the subject dog and reported both instances to Defendant. Dep. of Kendrel Bretz at Ex. 2.

**RESPONSE:**

Defendant objects to the consideration of this statement to the extent it does not comply with Local Rule 56(B)(2)(b) in that it fails to comply with Local Rule 56(B)(1), as it is not numbered separately. Defendant further objects that the document cited is impermissible hearsay and is not admissible evidence, as the statement is not sworn or signed under penalty, is not verified, and does not fall under

any exception to hearsay.

7.

With Defendant testifying that it had no knowledge of the subject dog despite four (4) reports to management detailed by Zaragoza and Duru, it is clear that Defendant's prior knowledge of the subject dog remains at issue and must be determined by a jury.

**RESPONSE:**

Defendant objects to this statement to the extent it does not comply with Local Rule 56(B)(2)(b) in that it fails to comply with Local Rule 56(B)(1) as it is not supported by a citation to any evidence. Defendant further objects to the extent that No. 7 is not a statement but rather a legal conclusion. Defendant denies statement gives rise to a material question of fact (or that it is even a statement of fact).

This 16th day of January, 2025.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Austin L. Albertson, Esq.
Georgia Bar No.: 768516
*Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
*erica.morton@swiftcurrie.com*
*austin.albertson@swiftcurrie.com*
*nikki.swain@swiftcurrie.com*

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER ARMISTEAD,<br><br>Plaintiff,<br><br>v.<br><br>TWG MANAGEMENT, LLC,<br><br>Defendant. | Civil Action File No.:<br>1:24-cv-02583-MHC |

**CERTIFICATE OF SERVICE**

I certify that I have electronically filed this ***Defendant's Response to Plaintiff's Statement of Additional Material Facts That Present Genuine Issues For Trial*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Joseph A. Zdrilich, Esq.
ZDRILICH INJURY LAW, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com

(*Continued on following page*)

This 16th day of January, 2025.

                Respectfully submitted,

                SWIFT, CURRIE, MCGHEE & HIERS, LLP

                */s/ Erica L. Morton*
                _____
                Erica L. Morton, Esq.
                Georgia Bar No.: 140869
                Austin L. Albertson, Esq.
                Georgia Bar No.: 768516
                *Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
*erica.morton@swiftcurrie.com*
*austin.albertson@swiftcurrie.com*
*nikki.swain@swiftcurrie.com*