## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JENNIFER ARMISTEAD,

               Plaintiff,

v.

TWG MANAGEMENT, LLC,

               Defendant.

Civil Action File No.:
1:24-cv-02583-MHC

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant TWG Management, LLC, ("Defendant" or "Dolgencorp"), and, pursuant to Fed. R. Civ. P. 56, Fed. R. Civ. P. 6, and Local Rule 56.1, hereby timely files Defendant's Reply Brief in Support of its Motion for Summary Judgment showing this Honorable Court as follows:

## INTRODUCTION

Plaintiff's Response to Defendant's Motion for Summary Judgment concedes that all of the theories of recovery actually asserted in her Complaint and Amended Complaint are meritless.[1]  In a last ditch effort to avoid summary judgment she now—despite failing to timely (or ever) amend her pleadings—seeks to recover

---

[1] This, of course, begs the question why Plaintiff did not voluntarily dismiss those claims she knew to be without merit at the close of discovery and prior to the dispositive motions deadline.

from Defendant under O.C.G.A. § 44-7-14.   In support of this new theory of recovery, Plaintiff relies solely on inadmissible hearsay, which is wholly insufficient to create a fact question or overcome summary judgment.   Even if the statements on which Plaintiff relies were admissible, Plaintiff's claims under O.C.G.A. § 44-7-14 still fail due to the absence of evidence of any construction defect or failure to repair that caused or contributed to Plaintiff's incident.   Defendant is entitled to summary judgment because Defendant has shown, as a matter of law, that there is no evidence of a breach of duty to Plaintiff, nor is there any evidence whatsoever that Defendant knew the involved dog was on the property on the night of Plaintiff's incident. Plaintiff's invocation of dicta to the contrary, summary judgment in this case is not overkill; it is the law.   *See generally*, Doc. 19, p. 10.

## ARGUMENT AND CITATIONS OF AUTHORITY

Plaintiff concedes that, as the party opposing a dispositive motion, it is she "who must go beyond the pleadings and present affirmative evidence to show that genuine issue of material fact does exist."   *See generally*, Doc. 19 at pp. 3-4; *see also* In re: Dippin' Dots Patent Litigation, 249 F.Supp.2d 1346, 1356-57 (N.D. Ga. 2003) (*citing* Anderson v. Liberty Lobby, Inc., 477 U.S.257 (1986).   Nonetheless, Plaintiff fails to produce any competent affirmative evidence creating a genuine issue of material fact that would overcome summary judgment.

**I.    The Court should not consider Plaintiff's newly claimed liability assertion against Defendant under O.C.G.A. § 44-7-14**

As an initial matter, Plaintiff now appears to have now focused on a claim under O.C.G.A. § 44-7-14, which was not alleged at any point during discovery. *See, generally*, Doc. 19. This brand new claim is improper and now forces Defendant to defend against a claim not raised in discovery. The Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage." Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314 (11th Cir. 2004). Indeed, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Further, "[e]fficiency and judicial economy require that the liberal pleading standards under Swierkiewicz and Rule 8(a) are inapplicable after discovery has commenced." Gilmour, 382 F.3d 1312. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a)." Id. Simply put, a plaintiff may not amend her complaint through argument in a brief opposing summary judgment. Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir.1996).

Plaintiff has conceded that none of the original claims in her Complaint are valid, but rather that O.C.G.A. § 44-7-14 is the only path for pursuing a claim against a landlord. *See* Doc. 19. This was never raised by Plaintiff, nor was her Complaint ever amended. Additionally, just as in <u>Swierkiewicz</u>, discovery has expired. "Liberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint." <u>Gilmour</u>, 382 F.3d at 1315. The only proper procedure in raising a new claim is "to seek to amend her complaint." <u>Id</u>. Plaintiff has not done so. As such, this newly raised claim under O.C.G.A. § 44-7-14 should not be considered for summary judgment, but rather, the claims raised by Plaintiff throughout discovery and through its close should be what is analyzed.

## II.    Defendant breached no duty owed under O.C.G.A. § 44-7-14.

Even if the Court is inclined to consider Plaintiff's new claim under O.C.G.A. § 44-7-14, summary judgment is still warranted.  By its plain language, this statute only imposes third-party liability on out-of-possession landlords "for damages arising from ***defective construction*** or for damages arising from the ***failure to keep the premises in repair***."  O.C.G.A. § 44-7-14 (emphasis added).  Nowhere does Plaintiff allege, nor does she present any evidence of, any defect in the construction of the apartment at issue or the larger Silver Oaks property.  Likewise, she presents

no evidence of any failure to repair anything within the apartment at issue that she claims caused or contributed to her injuries. Indeed, her testimony is that the dog was on an outside patio on the night of her visit until Terrell opened the door and let it into the apartment. Plaintiff Deposition, Doc. 18-2, Ex. A, P. 34, ll. 5-10. She does not allege that the dog broke out of an enclosure or was able to bite her due to a malfunctioning door, gate, latch, etc. The absence of evidence of some failure to repair or a defect in the construction of the apartment precludes her recovery as a matter of law.

In opposition to summary judgment, Plaintiff relies on the Georgia Supreme Court's holding in Tyner v. Matta-Troncoso, 305 Ga. 480, 826 S.E.2d 100 (2019) and a subsequent Georgia Court of Appeals opinion, Lemontree Properties, LLC v. Samples, 357 Ga. App. 410, 850 S.E.2d 849 (2020). But both cases actually support summary judgment under the facts of this case.

The dog bite in the Tyner case occurred when a tenant's dog escaped from a fenced backyard through a gate with a broken latch that had not been repaired by the landlord. There, the landlord knew his tenants kept dogs and there was a factual dispute as to whether the landlord had been notified of the broken gate latch. Id. The Georgia Supreme Court upheld the trial court's grant of summary judgment. Id. The Court's analysis of the landlord's knowledge of the dogs' vicious propensities was

undertaken with respect to the causal connection (or lack thereof) between the landlord's failure to repair and the plaintiff's injuries. 305 Ga. 480 at 484-487, 826 S.E.2d 100 at 104-106. ("Based on the foregoing, [the plaintiffs'] must show that the injuries the [tenants'] dogs inflicted on [the plaintiff] were a reasonably foreseeable result of [the landlord's] failure to repair the gate latch."). That simply is not the case here: the proximate cause of the injury in this case is the dog itself, not a construction defect or failure to repair. The Tyner opinion does **not** stand for the proposition that third-parties can recover against an out of possession landlord for a dog bite that occurs in the absence of a failure to repair or construction defect, regardless of any alleged knowledge of a dog's vicious propensities, particularly where the dog owner was not a tenant.

Similarly, the Lemontree Properties, LLC case involved a dog escaping from dog fence that was installed with the consent of the landlord but that was in violation of local ordinances and therefore was defectively constructed. 357 Ga. App. 410, 850 S.E.2d 849 (2020). The Lemontree court analyzed the landlord's knowledge of the dog's vicious propensities in the context of evaluating the casual connection between a defective fence and the dog bite, following the Georgia Supreme Court's rationale in Tyner. 357 Ga. App. 410 at 414, 850 S.E.2d 849 at 853.

Here there is no allegation of a broken latch, defective or code non-compliant

fence, or any other such failure to repair or defective construction. Georgia courts have routinely held that O.C.G.A. § 44-7-14 *only* attaches liability when an underlying defective construction or failure to repair exists. *See* <u>Griffiths v. Rowe Properties</u>, 271 Ga. App. 344, 345, 609 S.E.2d 690 (Ga. Ct. App. 2005) ("[O.C.G.A. § 44-7-14] liability is premised on defective construction or failure to repair, neither of which has been shown here. Summary judgment to [the defendant] was demanded."). Without that evidence, Plaintiff's claims under O.C.G.A. § 44-7-14 fail as a matter of law.

Plaintiff's request for this Court to deny summary judgment for a dog bite that occurred inside an occupied apartment with no underlying defective construction or failure to repair allegation is nothing more than an impermissible attempt to expand the scope of liability for out-of-possession landlords. *See* <u>Martin v. Johnson-Lemon</u>, 271 Ga. 120, 121, 516 S.E.2d 66 (1999) ("[B]ecause an out-of-possession landlord's tort liability to third persons is determined under the bases set forth in O.C.G.A § 44-7-14, the Court of Appeals erred by assessing liability under principles not set forth in the statute, including common law principles of ordinary negligence.").

**II.    There is no competent evidence that Defendant had any knowledge**

of the presence of the dog on the property on the night in question, nor any alleged aggressive tendencies.

a. The "statements" used by Plaintiff are impermissible hearsay and should not be considered.

In an effort to create a fact question as to Defendant's knowledge of the dog's vicious propensities, Plaintiff points to unsworn, unverified "statements" from non-parties. Both are "statements" obtained by a private investigator: one of a former apartment complex employee, Rex Zaragoza, and the other of a former tenant, Alexis Duru. Doc. 22 at Ex. 3 and 4. Neither the Zaragoza nor the Duru "statements" were written or signed by Mr. Zaragoza or Ms. Duru. Both appear to be the unsworn notes of a non-party investigator. Plaintiff does not provide affidavits, deposition testimony or any sworn testimony from Mr. Zaragoza, Ms. Duru or the private investigator. Instead, she relies on several layers of hearsay to try to inject inadmissible statements into the record and create a fact question (which is not even material for the reasons outlined above).

The Zaragoza "statement" purports to record Mr. Zaragoza's comments to the investigator, including that "he told his [unnamed] supervisors about" an "Akita." Id. It further purports attempts to incorporate hearsay of unnamed and unverified "tenants" that have "come up to Zaragoza" to talk about this Akita. Id. Further hearsay is written by the investigator, including the law-school-hypothetical

definition of hearsay that "a lot of people state that the Akita has bitten people." Id. Additionally, the statement lists several "tenants" and "maintenance personnel," with no identification or verification, along with being a patchwork of quotations attributed to Zaragoza and written statements by this unknown investigator. Id.

The entirety of the Zaragoza and Duru "statements" are inadmissible hearsay and should be disregarded in their entirety.  "The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." Jones v. UPS Ground Freight, 683 F.3d 1283, 1293–94 (11th Cir. 2012) (citations and quotations omitted). These "statements" are unsworn, unverified, unsigned and not offered under penalty of perjury.  These are exactly the type of statements the hearsay rules were enacted to protect against.

In Griffiths, the court sought to determine where a dog bite took place on a property. Griffiths, 271. Ga. App. 410, 609 S.E.2d 690.  The only submitted evidence in that case were "two affidavits and [Plaintiff's] deposition." Id. In analyzing the conflicting affidavits to determine the bite's location, the court held that "[t]hese statements being hearsay, they prove nothing regarding the actual location of the dog bite." Id.  Here, the Court does not even have the benefit of affidavits from Mr. Zaragoza or Ms. Duru.  The unsworn "statements" should be disregarded by the Court.

### b. The only admissible evidence in the case shows that Defendant had no knowledge of the subject dog, nor any alleged aggressive tendencies.

In fact, the only admissible evidence presented in this case shows that Defendant had no knowledge of the dog at issue being on the property on the night of the dog bite.

On March 10, 2022, six weeks after the purported incident, Defendant's then-Property Manager was notified by an unknown resident that an "investigator was looking for someone who may have a big <u>white</u> dog." Doc. 18-2, Exhibit D. The Property Manager identified that "no large white dog is on file for any resident on property. <u>Id</u>. She then identified a "white dog" that belonged to a "previous employee," Davin Terrell. <u>Id</u>. Mr. Terrell then confirmed that "the woman was bit by the dog but she reported that it did not take place on Silver Oak property." <u>Id</u>.

As for sworn testimony, no witness has testified that any employee of Defendant had any knowledge of the dog's presence on the Silver Oaks property on the night of Plaintiff's incident. Plaintiff admitted that she never reported the dog to Defendant, Defendant's employees, nor did she have any evidence of any other person reporting the dog's presence to Defendant or Defendant's employees. Doc. 18-2, Ex. A, P. 32, ll. 14-17. Plaintiff's daughter testified that she had never seen the

dog, nor Terrell, at Defendant's property before. Doc. 18-2, Ex. B, P. 61, ll. 7-22.

Plaintiff has not provided any further sworn statement, testimony, or admissible evidence that would create a fact question as to whether Defendant had knowledge that Mr. Terrell or any of his dogs were at Silver Oaks on the night of Plaintiff's incident. Likewise, there is no evidence properly before the Court proving that Defendant had knowledge of any vicious propensities of the dog that bit Plaintiff. As such, there is no fact question as to Defendant's knowledge of the dog's presence or any vicious propensities. Summary judgment is therefore appropriate.

**c. Even if the hearsay "statements" are considered by the Court, there is still no evidence Defendant's knew of the presence of the dog described by Plaintiff.**

Should the Court nonetheless choose to consider the hearsay "statements" of Mr. Zaragoza and Ms. Duru (as reported by Plaintiff's private investigator), Plaintiff still has not provided any evidence that Defendant knew about any aggressive tendencies of the dog who bit her. Plaintiff's daughter testified that Mr. Terrell had multiple dogs. Deposition of Savannah Williamson, Doc. 18-2, Ex. B, P. 31, ll. 3-16. Plaintiff testified that the dog who bit her was "rust colored" and "brownish reddish." Plaintiff's Depo., Doc. 18-2, Ex. A, P. 31, ll. 2-6. She did not know what type of dog it was, e.g. whether it was an Akita. Plaintiff's daughter recalled the dog

being a "Malinois or like a big dog, black dog, or dark colored dog" and "dark brown." Doc. 18-2, Ex. B, P. 44, ll. 18-23.

The Zaragoza "statement" only describes an investigator having "showed Zaragoza pictures of an Akita."  Doc. 22, Ex. 3. Zaragoza is then asked if he had seen a "similar dog" to this Akita, with no color or other description specified in the "statement." Id.  Zaragoza admitted he "has not witnessed the Akita attack anyone or another animal" and "does not know who the owner of the Akita is."  He was purportedly shown a photo of Davin Terrell, but "did not recognize [Terrell]."  Id. Zaragoza did not know where the dog "stays at," despite having "been in damn near every apartment. Id. He had never seen the dog "at nobody's house and I've been working this apartment complex for a while and haven't went in nobody's house and seen that dog." Id.

The Duru "statement," likewise references photos of an unknown "Akita," with no description of size or color.  Duru reported an Akita attacked her pit bull but no description of that Akita is provided.

Conversely, Defendant's internal incident report references a "big white dog" that was identified by an unidentified resident quoting the unidentified investigator, a description that does not match the statements offered by Plaintiff or her daughter. Doc. 18-2, Exhibit D.  Even taken at face value, the "statements" of Ms. Duru and

Mr. Zaragoza prove Defendants knew that an Akita and a "big white dog" had been seen on the property at unspecified times.  But none of these "statements" match the dog described by Plaintiff and no one places the dog on the property on the night of Plaintiff's incident.  This is insufficient to create a fact question as to Defendant's knowledge of presence of the dog that bit Plaintiff or any aggressive tendencies of that particular dog.

Georgia courts have been clear that "knowledge of a dog's prior aggressiveness is critical[,]" as "mere knowledge that a dog exists—or even that a particular dog exists—is not sufficient to make an attack reasonably foreseeable." Tyner, 305 Ga. at 488 (3). Plaintiff has failed to meet this burden. As such, with no admissible evidence showing that Defendant had any knowledge of the dog that attacked Plaintiff, summary judgment must be granted.

### III.    Because there is no viable claim against Defendant, Plaintiff's damages claims fail as a matter of law.

As shown above, Plaintiff does not have a viable claim against Defendant. As such, Plaintiff's claim for punitive damages fails as a matter of law. Gordon v. Starwood Hotels & Resorts Worldwide, Inc., F. Supp. 2d (N.D. Ga. Sept. 26, 2011).

However, even should some or all of Plaintiff's claims survive, Plaintiff still cannot show evidence of "something more than the mere commission of a tort . . . . [n]egligence alone, even gross negligence, is insufficient to support punitive

damages." <u>Mdc Blackshear v. Littell</u>, 273 Ga. 169, 173 (2000); *see also* <u>Ambling Mgmt. Co. v. Purdy</u>, 283 Ga. App. 21, 33 (2006) (explaining "there must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant"); <u>Tower Fin. Servs. V. Smith</u>, 204 Ga. App. 910, 918 (1992).

Even permitting an argument that Defendant was negligent, Plaintiff has made no showing whatsoever that any conduct of Defendant meets the high burden sufficient to impose punitive damages. Accordingly, Defendant is entitled to summary judgment on the issue of punitive damages.

## <u>CONCLUSION</u>

For all the reasons stated above, Defendant respectfully requests that its Motion for Summary Judgment be granted.

This 16th day of January, 2025.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*
_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Austin L. Albertson, Esq.
Georgia Bar No.: 768516
*Attorneys for Defendant*

- 14 -

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
*erica.morton@swiftcurrie.com*
*austin.albertson@swiftcurrie.com*
*nikki.swain@swiftcurrie.com*

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER ARMISTEAD, | |
| Plaintiff, | |
| v. | Civil Action File No.: 1:24-cv-02583-MHC |
| TWG MANAGEMENT, LLC, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I certify that I have electronically filed this ***Defendant's Reply Brief in Support of its Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Joseph A. Zdrilich, Esq.
ZDRILICH INJURY LAW, LLC
3575 Koger Blvd., Suite 125
Duluth, GA 30096
joe@zinjurylaw.com

*(Continued on following page)*

This 16th day of January, 2025.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
Austin L. Albertson, Esq.
Georgia Bar No.: 768516
*Attorneys for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
*erica.morton@swiftcurrie.com*
*austin.albertson@swiftcurrie.com*
*nikki.swain@swiftcurrie.com*